UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-0107 (PLF) |
| | ) | |
| MICHAEL C. IRVING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

This matter is scheduled for sentencing on January 14, 2009 at 9:00 a.m. The Court held an extensive hearing on issues related to sentencing on November 6, 2008, at which time it heard oral argument from counsel for the parties with respect to how appropriately to calculate the Sentencing Guidelines in this case. Both before and after the November 6, 2008 hearing, the Court received extensive written submissions from counsel for the parties.

At the conclusion of the November 6, 2008 hearing, the Court told counsel that, after fully considering their arguments and the relevant case law, it would advise them in writing prior to sentencing as to how it calculates the Guidelines in this case. Because the Court has not had time to prepare a written decision explaining its reasoning, this Order will serve only to announce the Court's conclusions with respect to the Guidelines. The Court will explain the reasons underlying its conclusions with respect to tax loss and base offense level orally before imposing sentence on January 14, 2009.

Everyone is in agreement that defendant's sentence on his conviction under 26 U.S.C. § 7201, tax evasion, is governed by Section 2T1.1 of the Federal Sentencing Guidelines.[1] Under that section, the base offense level is computed on the basis of the amount of tax loss under the Tax Table found at Section 2T4.1 of the Guidelines. The defendant was convicted of two counts (Counts 5 and 9) and acquitted of three (Counts 1, 2 and 6); the jury could not reach a verdict and therefore was hung on four other counts (Counts 3, 4, 7 and 8). Obviously, the Court will consider the tax loss with respect to the counts on which the defendant was convicted ($54,749).[2] The Court will not consider the tax loss relating to the counts on which the defendant was acquitted ($111,547). The Court will consider the tax loss with respect to the counts on which the jury was hung ($80,957). In addition, the Court will consider the tax loss from uncharged conduct about which the Court has heard evidence concerning IRS Forms 1041 for tax years 2000 and 2001 ($76,497). Thus, the Court concludes that the total tax loss is $212,203. The defendant's base offense level under Section 2T1.1 of the Guidelines therefore is 18.

The next issue, vigorously litigated by the parties, is whether the Court should add two levels to this base offense level for obstruction of justice under Section 3C1.1 of the

---

[1] Mr. Irving was also convicted on one count of attempting to evade taxes under D.C. Code § 47-4101(a). The Court's Sentencing Guidelines calculations assume that "[t]he D.C. tax loss should be included . . . as relevant conduct" in determining Mr. Irving's Guidelines sentencing range. Government's Sentencing Memorandum at 5 (citing U.S.S.G. § 2T.1.1, notes 2 and 3). Mr. Irving does not appear to dispute this point. See Defendant's Memorandum in Aid of Sentencing at 6 (arguing that "the appropriate tax loss amount in this case is $54,749, the amount of tax loss attributable to the two counts of conviction").

[2] The parties have represented to the Court that they are in agreement as to the amount of tax loss attributable to each count of the indictment and to the two uncharged acts that the government says constitute relevant conduct under Section 1B1.3 of the Guidelines.

Sentencing Guidelines. The government has identified seven specific statements made by the defendant under oath at trial that it argues are perjurious and thus constitute obstruction of justice under Section 3C1.1. The Court has determined that it will not apply the upward adjustment of Section 3C1.1 for reasons that will be explained in a separate Memorandum Opinion. The defendant's total offense level therefore remains at 18.

The defendant, a long-time police detective, has no prior convictions of any kind. He therefore falls within Criminal History Category I. At Offense Level 18, Criminal History Category I, the Guidelines sentencing range is 27 to 33 months. The Court will consider at sentencing on January 14 arguments and representations from counsel and from the defendant as to what sentence is appropriate in this case under the Federal Sentencing Guidelines and under the Sentencing Reform Act, 18 U.S.C. § 3553(a).

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 13, 2009